**BRYAN CAVE LLP**
Stuart W. Price, California Bar No. 125918
Brendon K. Barton, California Bar No. 246925
Sarah Greenberg Davis, California Bar No. 237576
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
Telephone: (949) 223-7000
Facsimile: (949) 223-7100
E-Mail: swprice@bryancave.com
brendon.barton@bryancave.com
daviss@bryancave.com

Attorneys for Defendant
BANK OF AMERICA, N.A.

**MELLEN LAW FIRM**
Sarah Adelaars
411 Borel Ave., Suite 230
San Mateo, CA 94402
Telephone: (650) 638-0120
Facsimile: (650) 638-0125
E-Mail: mellenlaw@yahoo.com

Attorneys for Plaintiffs
Luis and Marlene Caceres

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**

| | |
|---|---|
| LUIS CACERES, an individual, and MARLENE CACERES, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., a business entity; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 8:13-cv-00542-JST-RNB<br><br>**JOINT RULE 26(F) REPORT**<br><br>Date: Ocotber 18, 2013<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A<br><br>Complaint Filed: October 3, 2012 |

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

Plaintiffs Luis and Marlene Caceres (referred to herein as "Plaintiffs") and Defendant BANK OF AMERICA N.A. ("Defendant") respectfully submit this Joint Report (the "Report") pursuant to Federal Rules of Civil Procedure, Rule 26(f), and Local Rule 26.

**I. Statement of the Case**

Plaintiffs Luis and Marlene Caceres allege that Defendant Bank of America fraudulently induced them to default on their home mortgage. They further allege that Defendant recorded an invalid Notice of Default, contending that Defendant not only lied about contacting Plaintiffs but also that Defendant's recording runs afoul of the statutory time limits set forth in Cal. Civ. Code Section 2923.5. Plaintiffs are suing for damages and equitable relief.

Defendant contends that Plaintiffs voluntarily chose to stop paying on their mortgage through no fault of Bank of America. Furthermore, no loan modification was ever promised to Plaintiffs. Defendant also properly followed all foreclosure procedures and statutes following Plaintiffs' voluntary default on the loan.

**II. Legal Issues**

Plaintiffs' claims for relief are based on: (1) Violation of California Civil Code §2923.5 and 2924; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Promissorty Estoppel; (4) Fraud; (5) Negligent Misrepresentation; (6) Invasion of Privacy – False Light; and (7) Violation of California Business and Professions code §17200.

Defendant asserts that Plaintiffs have failed to state a valid claim warranting relief on the following bases:

Plaintiffs do not allege tender; Plaintiffs' claims are not ripe; the facts in Plaintiffs' complaint establishes that Defendant complied with all applicable foreclosure statutes; the statute of frauds bars Plaintiffs' claims; Plaintiffs have not alleged any facts showing any special relationship between the parties; and because the facts in the complaint are not sufficiently pled.

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

**III. Damages**

Plaintiffs claim the realistic range of provable damages is $100,000 to $1,000,000.

Defendant claims the realistic range of provable damages is $0 to $1,000.

**IV. Insurance**

No insurance coverage exists for this claim.

**V. Motions**

Defendant currently has a Motion to Dismiss on calendar for October 11, 2013. Defendant anticipates filing a Motion for Summary Adjudication if the Motion to Dismiss is unsuccessful.

**VI. Manual for Complex Litigation**

This matter is not complex and will not require the use of procedures from the Manual for Complex Litigation.

**VII. Status of Discovery**

To date no discovery has been completed due to the parties' participation in a loan modification review.

**VIII. Discovery Plan**

The parties propose the following discovery plan:

**A. Subjects on Which Discovery May Be Needed**

Plaintiffs' Subject of Discovery

Plaintiffs anticipate they will require discovery regarding: The subject matter on which discovery may be needed includes the contents of plaintiffs' loan/foreclosure files and communications between plaintiff and Bank of America regarding the subject mortgage. Plaintiffs also plans to conduct discovery on Defendant's loss mitigation practices.

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

Defendants' Subject of Discovery

Defendants anticipate propounding written discovery requests, including interrogatories, requests for production, requests for admissions and deposing Plaintiffs and third party witnesses with knowledge of the following facts

1. The communications between Plaintiffs and Defendant regarding the alleged loan modifications;

2. Communications between Defendant and Plaintiffs regarding foreclosure avoidance;

3. All notices given to Plaintiffs regarding the foreclosure sale;

4. Names and contact information of all persons who represented Plaintiffs during the alleged loan modification reviews;

5. All documents regarding the alleged loan modifications and facts surrounding Plaintiffs alleged attempts to get a loan modification.

The parties' perspective may change as the case develops. No discovery has been conducted to date. These areas of discovery are preliminary and without limitation on the parties' ability to conduct further discovery and without limitation on the parties' rights to object to the scope of discovery. The scope of the parties' anticipated discovery topics may change as the case progresses.

**B. Proposed Discovery Cut-Off Date, Limits and Phases**

The parties propose a discovery cut-off date of May 15, 2014. The parties further propose that the deadline for expert witness disclosures be 90 days before the date set for trial. Defendant does not anticipate the need for any expert witnesses or corresponding expert witness disclosures.

There is no present need for discovery to be conducted in phases or limited to particular issues, and no formal changes are requested at this time to the limitations imposed by the Federal Rules of Civil Procedure.

**C. Electronically Stored Information**

Defendants request the following evidence preservation order:

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414

The Parties shall not destroy, conceal, or alter any paper or electronic files, other data and metadata generated by and/or stored on your computer systems and storage media (e.g., hard disks, floppy disks, backup tapes), or any other electronic data, such as voicemail, if such files might contain any information related to, or likely to lead to information concerning, facts alleged in any pleading that has been filed or that any party might reasonably anticipate may be filed in this action. This includes, without limitation: email and other electronic communications; word processing documents; spreadsheets; data bases; calendars; telephone logs; contact manager information; internet usage files; offline storage or information stored on removable media; information contained on laptops, personal digital assistants, or other portable devices; and network access information. The parties reserve their rights to object to the production of electronic communications to the extent provided by F. R. Civ. Proc. Rule 34.

The parties do not anticipate the necessity for any special procedures for addressing electronically stored information, but reserve the right to raise such issues in the future should circumstances warrant.

**IX. Dispositive Motions**

Should Plaintiffs' claims survive the pending Motion to Dismiss, Defendant intends to file a motion for summary adjudication on the bases that the statute of frauds bars Plaintiffs' claims that Defendant orally agreed to modify the existing loan contract, that Defendant complied with all necessary and required foreclosure statutes, and Plaintiffs' claims fail to state a valid cause of action.

**X. Settlement**

Defendant offered Plaintiffs a loan modification in July 2013, which was rejected by Plaintiffs.

The parties jointly request ADR Procedure No. 2.

**XI. Trial Estimate**

Defendant believes the trial will take 3 to 4 days to complete and will have approximately 4 or 5 witnesses. Defendant requests a non-jury trial.

Plaintiffs believe the trial will take 5 days and will have approximately 10 witnessess. Plaintiffs request a jury trial.

**XII. Trial Counsel**

Defendant's trial counsel will be Stuart W. Price, Brendon K. Barton and Sarah Greenberg Davis. Plaintiffs' trial counsel will be Matthew Mellen.

**XIII. Independent Expert or Master**

The parties do not anticipate that this matter will require the appointment of a special master.

**XIV. Other Issues**

The parties agree to exchange their initial disclosures by October 30, 2013, provided that the pleadings are set.

Dated: October 4, 2013

**MELLEN LAW FIRM**

By: */s/ Sarah Adelaars*
Sarah Adelaars

Attorneys for Plaintiffs
Luis and Marlene Caceres

Dated: October 4, 2013

**BRYAN CAVE LLP**
Stuart W. Price
Brendon K. Barton
Sarah Greenberg Davis

By: */s/ Sarah Greenberg Davis*
Sarah Greenberg Davis

Attorneys for Defendant
BANK OF AMERICA, N.A.

Bryan Cave LLP
3161 MICHELSON DRIVE, SUITE 1500
Irvine, California 92612-4414