UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-542-JLS (RNBx)                                  Date:  October 28, 2013
Title: Luis Caceres et al. v. Bank of America, N.A.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO DISMISS (Doc. 6)**

Before the Court is a Motion to Dismiss filed by Defendant Bank of America, N.A.  (Mot., Doc. 6, "Motion".)  Plaintiffs Luis and Marlene Caceres filed an Opposition (Opp., Doc. 24, "Opposition"), and Defendant replied (Reply, Doc. 27).
Having reviewed the papers and taken the matter under submission, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion.

**I.     Background**

In September 2005, Plaintiffs borrowed $595,000, secured by a Deed of Trust encumbering a property at 7592 Indigo Lane, La Palma, California, ("the Property"). (Def.'s Request for Judicial Notice ("RJN"), Doc. 7 Ex. A.)[1]
In or around June 2011, Plaintiffs contacted Defendant to inquire about a loan modification.  (Compl., Doc. 1 Ex. A, ¶ 9, "Complaint".)  Defendant referred Plaintiffs to an agent of Defendant, Jennifer Johnson.  (*Id*. ¶¶ 10, 81.)  Johnson informed Plaintiffs

---

[1] The Court grants Defendant's request to take judicial notice of various recorded documents relating to the Property, (RJN Exs. A-F).  *See Joseph v. Bank of Am., N.A.*, SACV 13-150-JST RNBX, 2013 WL 4045796, at *1 n.1 (C.D Cal. Apr. 22, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-542-JLS (RNBx) | Date: October 28, 2013 |
| Title: Luis Caceres et al. v. Bank of America, N.A. | |

that they could not apply for a loan modification because Plaintiffs were current on their loan, and that Plaintiffs would need to stop making payments in order to qualify for a loan modification. (*Id.* ¶ 10.) Johnson further told Plaintiffs that, if they stopped making payments and applied for a loan modification, they would not be counted late and their property would not face foreclosure. (*Id.* ¶ 11.) Based on these representations, Plaintiffs missed their monthly payments and applied for a loan modification. (*Id.* ¶ 12.)

In or around September 20, 2011, Plaintiffs received notice from Defendant that they had been denied a loan modification. (*Id.* ¶ 13.) On September 28, 2011, Plaintiffs resumed making monthly payments. (*Id.* ¶ 14.)

Plaintiffs again contacted Defendant to determine whether Plaintiffs were eligible for any other modification options. (*Id.* ¶ 15.) Defendant stated that Plaintiffs were eligible, but that Plaintiffs could not apply for the modification because they were making payments on their loan. (*Id.*) Defendant told Plaintiffs that if they stopped making payments and applied for a loan modification, Defendant would not count Plaintiffs late, would not foreclose on Plaintiffs' property, and would not report the non-payments to credit agencies. (*Id.* ¶ 16.) Based on these representations, Plaintiffs again ceased payments and began to apply for a loan modification. (*Id.* ¶ 17.)

Plaintiffs continued to contact Defendant regarding the status of their loan modification, and each time were told that they should refrain from making payments, or they would not be eligible for a loan modification. (*Id.* ¶ 18.)

On or around October 25, 2011, Defendant caused a Notice of Default to be recorded against the Property. (*Id.* ¶ 19; RJN Ex. E.) The Notice listed Plaintiffs as having failed to pay an installment due June 2011, and not having made any payments since that time, despite Plaintiffs having made a payment in September 2011. (*Id.* ¶ 20; RJN Ex. E.) The Notice additionally included a declaration of compliance signed by an individual affiliated with Bank of America, stating that the individual had attempted to contact Plaintiffs to discuss foreclosure alternatives, but were not able to do so. (*Id.* ¶ 21; RJN Ex. E.)

On October 3, 2012, Plaintiffs filed an action in Orange County Superior Court (No. 30-2012-00602642). (Compl.) The Complaint alleges: (1) wrongful foreclosure in violation of California Civil Code §§ 2923.5 and 2924 et seq.; (2) breach of the implied

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-542-JLS (RNBx) | Date:  October 28, 2013 |
| Title:  Luis Caceres et al. v. Bank of America, N.A. | |

covenant of good faith and fair dealing; (3) promissory estoppel; (4) fraud; (5) negligent misrepresentation; (6) invasion of privacy–false light; and (7) unfair competition in violation of Cal. Bus. & Prof. Code § 17200.  (*Id*. at 1.)  On October 26, 2012, the Superior Court issued an order staying the action pending settlement negotiations and a review for possible loan modification.  (Doc. 1, Ex. B.)  The same order postponed the trustee sale set for December 24, 2012, until February 4, 2013.  (*Id*. Ex. B)  On February 15, 2013, the action was further stayed until March 13, 2013, and a foreclosure sale was set for the same date.  (*Id*. Ex. C.)  The order additionally set April 6, 2013 as the deadline for Defendant to remove the case.  (*Id*.)

On April 4, 2013, Defendant filed a Notice of Removal.  (Doc. 1 Ex E).  Defendant then moved to dismiss all of the claims in the Complaint.  (Doc. 6.)  This Court vacated the Motion and stayed the action pending a loan modification conference.  (Doc. 11.)  Plaintiffs filed a joint stipulation with Defendant prior to the conference, informing the Court that "Plaintiffs and Defendant have attempted, in good faith, to negotiate a loan modification of Plaintiffs' loan . . . . Defendant offered Plaintiffs a trial payment plan on or around July 25, 2013, which Plaintiffs found unsatisfactory[.]"  (Joint Stip., Doc. 19 at 1.)  "Plaintiffs and Defendant agree that a Loan Modification Settlement Conference will be ineffective," and that "the parties wish to . . . proceed with litigation, at this time."  (*Id.* at 1-2.)  The Court vacated the scheduling conference and stay of litigation, and ordered Defendant to file a new Notice of Motion to Dismiss.  (Doc. 20.)

## II.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b) (6) tests the legal sufficiency of the claims asserted in the complaint.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Rule 12(b)(6) is read in conjunction with Rule 8(a),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-542-JLS (RNBx)                                      Date:  October 28, 2013
Title: Luis Caceres et al. v. Bank of America, N.A.

which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004)). "A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

In considering the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable, and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

## III.    Discussion

### A.    Tender Rule

Defendant argues that Plaintiffs' claims must be dismissed for failure to tender the loan in full. Plaintiffs argue that the tender rule does not apply here, and the Court agrees.

"The California Court of Appeal has held that the tender rule applies in an action to set aside a trustee's sale for irregularities in the sale notice or procedure and has stated that '[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs.'" *Tamburri v. Suntrust Mortg., Inc.*, No. C-11-2899 EMC, 2011 WL 6294472, at *3 (N.D. Cal. Dec. 15, 2011) (quoting *Cohn v. Bank of America*, No. 2:10–cv–00865 MCE KJN PS, 2011 WL 98840, at *9 (E.D. Cal. Jan.12,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-542-JLS (RNBx) | Date:  October 28, 2013 |
| Title: Luis Caceres et al. v. Bank of America, N.A. | |

2011) (quoting *FPCI RE–HAB 01 v. E & G Invs., Ltd.*, 207 Cal. App. 3d 1018, 1021 (1989))).

With one exception, Defendant relies on cases where a foreclosure sale had already been completed.[2] However, "a growing number of federal courts have explicitly held that the tender rule only applies in cases seeking to set aside a completed sale, rather than an action seeking to prevent a sale in the first place." *Barrionuevo v. Chase Bank, N.A.*, 885 F. Supp. 2d 964, 969-70 (N.D. Cal. 2012); *see also Masson v. Selene Finance LP*, 12-05335 SC, 2013 WL 271256 at *2 (N.D. Cal. Jan. 24, 2013) ("an allegation of tender is generally only required where a plaintiff seeks to cancel a voidable trustee sale.") (citing *FPCI RE-HAB 01 v. E& G Invs., Ltd.*, 207 Cal. App. 3d 1018, 1021 (1989). In the instant case, no foreclosure sale has occurred.  Accordingly, the tender rule does not apply.

Moreover, "the tender rule is not absolute and a tender may not be required where it would be inequitable to do so." *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2533029, at *10 (C.D. Cal. June 24, 2011) (quoting *Onofrio v. Rice*, 55 Cal. App. 4th 413, 424 (1997) (quoting 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) Deeds of Trust & Mortgages, ¶ 9:154)); *see also Tamburri v. Suntrust Mortg., Inc.*, No. C-11-2899 EMC, 2011 WL 6294472, at *3 (N.D. Cal. Dec. 15, 2011) ("there is a general equitable exception that 'tender may not be required where it would be inequitable to do so.'") (quoting *Onofrio v. Rice,* 55 Cal. App. 4th 413, 424(1997)).  As Plaintiffs contest the notice of default leading to foreclosure, the ultimate harm associated with a foreclosure sale may yet be preventable, and requiring Plaintiffs to tender the full mortgage would be inequitable.  *See Barrioneuvo*, 885 F. Supp. 2d at 969 (citing *In re Salazar*, 448 B.R. 814, 819 (S.D. Cal. 2011); *Sacchi*, 2011 WL 2533029, at *9-10)).

---

[2] In its Reply, Defendant cites *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177 (N.D. Cal. 2009).  In *Pantoja*, the Court found that defendants were entitled to dismissal without prejudice because plaintiff failed to allege he had met the "tender rule" requirements.  *Id.* at 1184.  Although *Pantoja* applied the tender rule where a foreclosure sale had not been completed, the *Pantoja* court relied on cases where a sale *had* been completed and further recognized that "an offer to pay debt may not be required where it is inequitable."  *Id.*  The Court finds that the weight of more recent authority is inconsistent with *Pantoja*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-542-JLS (RNBx)                                  Date:  October 28, 2013
Title:  Luis Caceres et al. v. Bank of America, N.A.

Accordingly, the Court declines to apply the tender rule at the pleading stage to dismiss the Complaint.

> B.   **Wrongful Foreclosure Claim**

Plaintiffs' wrongful foreclosure claim is premised on alleged violations of California Civil Code Sections 2923.5 and 2924.  (Compl. ¶¶ 49, 54.)   Under Section 2923.5(a)(1), "[a] mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent may not record a notice of default pursuant to Section 2924 until both of the following: (A) Either 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (e)[,] [and] (B) The mortgage servicer complies with paragraph (1) of subdivision (a) of Section 2924.18, if the borrower has provided a complete [loan modification] application as defined in subdivision (d) of Section 2924.18."  In addition, "a notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, [or] has tried with due diligence to contact the borrower as required by this section . . . ."  Cal. Civ.Code § 2923.5(b).  Section 2923.5(g) sets out the requirements for conducting such "due diligence."  Cal. Civ. Code § 2923.5(g).

Section 2924 provides for power of sale of a property by a mortgagee under certain conditions, including "after a breach of the obligation for which that mortgage or transfer is a security . . . ."  Cal. Civ. Code § 2924(a).  In such cases, the mortgagee must file a notice of default that contains a statement setting forth the nature of each breach actually known to the beneficiary . . . ."  Cal. Civ. Code § 2924(a)(1)(C).

Plaintiffs' Complaint alleges a failure to comply with the due diligence requirement of Section 2923.5(g).  Plaintiffs allege that the declaration provided by Defendant under Section 2923.5(b) states that "Defendant had attempted to contact borrower to no avail," but that in fact "Plaintiffs and Defendant spoke quite frequently, sometimes on a daily basis . . . ."  (Compl. ¶ 53.)  Plaintiffs further alleges that Defendant has violated Section 2924, because "[a]s Plaintiffs were instructed to late [sic] on their payments, they were not in breach of the loan agreement."  (Compl. ¶ 55.)  Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-542-JLS (RNBx)　　　　　　　　　　　　　Date:  October 28, 2013
Title:  Luis Caceres et al. v. Bank of America, N.A.

further alleges that "the nature of the breach was in fact not known to the beneficiary," in violation of Section 2924(a)(1)(C).  (Compl. ¶ 58.)

Defendant argues that Plaintiffs' claim is not ripe; that no actionable claim exists under Section 2923.5; that Plaintiffs do not state a claim under Section 2924; and that the statute of frauds bars Plaintiffs' claim.  The Court finds that the claim is not ripe, or in the alternate, is not proper given the parties' recent disclosures to the Court, and dismisses the claim.

The wrongful foreclosure claim under Sections 2923.5 and 2924 is not ripe.  The only remedy available for 2923.5 is postponement of a foreclosure sale.  *Tamburri*, 2013 WL 4528447, at *4 (N.D. Cal. Aug. 26, 2013) (citing *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 226 (2010)); *Ottolini v. Bank of America*, No. C-11-0477 EMC, 2011 WL 3652501, at *5 (N.D. Cal. Aug. 19, 2011).  The same is true for a violation of Section 2924.  *See Bennet v. Wells Fargo Bank, N.A.*, CV 13-01693-KAW, 2013 WL 4104076, at *5 (Aug. 9, 2013) ("As is the case with 2923.5, the remedy for a violation of § 2924 is the postponement of the foreclosure sale." (citing Cal Civ. Code § 2924g)).[3]  In this case, no foreclosure sale has occurred, (Reply at 2), nor is there any indication that a sale is currently scheduled.  Accordingly, there is no sale to postpone, and Plaintiffs' wrongful foreclosure claim is not ripe.  *See, e.g.*, *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 961 (N.D. Cal. 2010); *Johnson v. Bank United FSB*, 2:10-CV-02567-GEB, 2010 WL 5287551, at *5 (E.D. Cal. Dec. 17, 2010).

Even if the claim were ripe, it nonetheless fails.  The "obvious goal [of Section 2923.5 is to force] the parties to *communicate* . . . about a borrower's situation and the options to avoid foreclosure . . . ."  *Mabry*, 185 Cal. App. 4th at 224 (emphasis in original).  Plaintiffs do not dispute that the parties had frequently been in contact prior to the Notice of Default, even communicating daily about the loan.  (*See, e.g.*, Compl. ¶ 53.)  Since the time of the Notice of Default, this case has been stayed on more than one occasion to allow the parties to discuss possible loan modification and settlement.  (*See*

---

[3] Accordingly, Plaintiffs' request for damages and attorney's fees under these statutes is improper.  (*See* Compl. ¶ 39.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-542-JLS (RNBx)            Date:  October 28, 2013
Title:  Luis Caceres et al. v. Bank of America, N.A.

Doc. 1, Exs. B, C.)[4]  Most importantly, Plaintiffs and Defendant have recently filed a Joint Stipulation stating that "Plaintiffs and Defendant have attempted, in good faith, to negotiate a loan modification of Plaintiffs' loan," "Defendant offered Plaintiffs a trial payment plan on or around July 25, 2013 which Plaintiffs found unsatisfactory," "Plaintiffs and Defendant agree that a Loan Modification Settlement Conference will be ineffective," and the parties want to continue litigation.  (Doc. 19 ¶¶ 2, 4-5.)[5]  Plaintiffs have submitted binding representations to the Court that there was the required contact between Plaintiffs and Defendant with respect to modification of the loan, and nothing more is required under Sections 2923.5 and 2924.  *See Mabry*, 185 Cal. App. at 223 ("The available, existing remedy is found in the ability of a court in section 2924g, subdivision (c)(1)(A), to postpone the sale until there has been compliance with section 2923.5.").

      Accordingly, Plaintiffs' wrongful foreclosure claim is dismissed with prejudice.

### C. Implied Covenant of Good Faith and Fair Dealing

      Plaintiffs allege that Defendant breached an implied covenant of good faith and fair dealing with respect to the promissory note and deed of trust in favor of Defendant. (Compl. ¶¶ 62, 64.)  The Court dismisses the claim for failure to plead a contract between Plaintiffs and Defendant.

      "'The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties.'" *Howard v. First Horizon Home Loan Corp.*, 12-CV-05735-JST, 2013 WL 3146792 *3 (N.D. Cal. June 18, 2013) (quoting *Smith v. City & Cnty. of San Francisco*, 225 Cal. App. 3d 38, 49 (1990)).  "'To establish a breach of an implied covenant of good faith and fair

---

[4] The Court considers Exhibits B and C of the notice of removal, which are joint stipulations between the parties entered by the Superior Court, as judicial admissions.  *See American Title Insurance Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.").

[5] The Court considers this joint stipulation of the parties to be a judicial admission as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-542-JLS (RNBx)                         Date:  October 28, 2013
Title:  Luis Caceres et al. v. Bank of America, N.A.

dealing, a plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's rights to benefit from the contract.'" *Id*. (quoting *Fortaleza v. PNC Fin. Servs. Group, Inc*., 642 F. Supp. 2d 1012, 1021–22 (N.D. Cal. 2009) (citations omitted)).

       Defendant argues that Plaintiffs have failed to plead a contract.  (Mot. at 8, Reply at 3.)  Plaintiffs' Complaint alleges that "Plaintiffs purchased the Property, obtaining financing for the purchase from Defendant" and that "Plaintiffs executed a Promissory Note and Deed of Trust in favor of Defendant."  (Compl. ¶ 64.)  Plaintiffs argue this establishes the existence of a contract between Plaintiffs and Defendant.  (Opp'n at 12-13.)  However, Plaintiffs fail to allege that Defendant is a party to any agreement with Plaintiffs.  Nor do Plaintiffs attach any agreement to the Complaint or their Opposition.  Moreover, the Deed of Trust, included in Defendant's Request for Judicial Notice, makes no mention of Defendant on the face of the document.  Nor is it clear whether there is a separate Promissory Note document, or whether Defendant is a party to that document.[6]

       As Plaintiffs have not sufficiently pled the existence of a contract between Plaintiffs and Defendant, the claim is dismissed without prejudice.  *See Howard v. First Horizon Loan Corp.*, No. 12-cv-05735, 2013 WL 3146792, at *3 (N.D. Cal. June 18, 2013); *Wornum v. Aurora Loan Servs., Inc*., C-11-02189 JCS, 2011 WL 3516055 *9 (N.D. Cal. Aug. 11, 2011).

     **D.**      **Promissory Estoppel**

       "Under California law, '[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'"  *Alimena v. Vericrest Financial, Inc.*, ---F. Supp. 2d --- (E.D. Cal. Aug. 9, 2013) (quoting *Kajima/Ray Wilson v. Los Angeles Cnty. Metro. Transp. Auth.,* 23 Cal. 4th 305, 310 (2000)).  "Promissory estoppel is a doctrine which employs equitable principles to satisfy the requirement that consideration must be given

---

[6] To the extent Plaintiffs intend to imply that Defendant is related to a party that entered into an agreement with Plaintiffs, Plaintiffs fail to make such allegations in their pleadings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-542-JLS (RNBx)                              Date:  October 28, 2013
Title:  Luis Caceres et al. v. Bank of America, N.A.

in exchange for the promise sought to be enforced." *Id.* (quoting *Kajima/Ray*, 23 Cal. 4th at 310).  "The elements of a promissory estoppel claim are: (1) a promise that is clear and unambiguous in its terms, (2) reliance on the promise by the party to whom the promise is made (3) that is reasonable and foreseeable, and (4) injury to the party asserting estoppel due to his or her reliance." *Id.* (quoting *Laks v. Coast Fed. Sav. & Loan Assn.,* 60 Cal. App. 3d 885, 890-91 (1976)).  Plaintiffs have sufficiently pled a promissory estoppel claim.

Plaintiffs allege that Defendant "promised Plaintiffs that skipping payments in pursuit of a loan modification would not negatively affect their credit or cause them to foreclose." (Compl. ¶ 72.)  Plaintiffs identify at least one instance where a specific agent of Defendant, Jennifer Johnson, made this assurance, as well as an approximate date—June 2011—when the assurance was made.  (*See* Compl. ¶¶ 9-12.)  The Court finds that Plaintiffs have sufficiently alleged a promise with respect to this assurance.  *See Edwards v. Fed. Home Loan Mortg. Corp.*, 12-CV-04868-JST, 2013 WL 2355445, at *3 (N.D. Cal. May 29, 2013) ("A promise not to foreclose while a loan modification is pending satisfies the requirement of a clear promise.") (citing *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1045 (2010)).

Plaintiffs plead that this reliance was reasonable and foreseeable.  (*Id.* ¶ 75.)  The Court agrees.  Plaintiffs further allege that they "were induced into stopping their loan payments, by Defendant, who assured Plaintiffs that they could not apply for a loan modification while simultaneously making payments." (Compl. ¶¶ 9-12.)  Defendant argues that "Plaintiffs appear to have interpreted the purported promise by Bank of America to mean that Plaintiffs could stop making loan payments, and as long as they were pursuing the loan modification, no matter how long that process took for whatever reason, no foreclosure proceedings would ever be initiated and their credit would never be adversely affected." (Mot., Doc. 6-1, at 10 (citing Compl. ¶¶ 72-73).)  That Defendant can provide an interpretation of Plaintiffs' reliance that would be unreasonable does not make Plaintiffs' actual reliance unreasonable.  Plaintiffs allege that Defendant "assured Plaintiffs that they could not apply for a loan modification while simultaneously making payments. Defendant further promised Plaintiffs that skipping payments in pursuit of a loan modification would not negatively affect their credit score or cause them to face

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-542-JLS (RNBx)                                            Date:  October 28, 2013
Title: Luis Caceres et al. v. Bank of America, N.A.

foreclosure." (*Id*. ¶ 72.) Plaintiffs further allege that their reliance was foreseeable "as Defendant was the holder of Plaintiffs' loan, and ostensibly possessed the requisite authority to instruct people about their monthly payments and to forego foreclosure activity while modifying the loan." (*Id*. ¶ 73.) The Court agrees that Plaintiffs have pled reasonable reliance.

      Plaintiffs also adequately allege injury. Whether or not the foreclosure sale has actually occurred, Plaintiffs' allegations encompass injuries beyond potential foreclosure. Plaintiffs allege that Defendant promised Plaintiffs that their credit score would not be negatively affected, but that in fact "their credit has been negatively affected." (Compl. ¶ 74.) Plaintiffs also allege payment of excessive fees due to the reliance on the promise. (*Id*. ¶ 76.) Accordingly, the Court finds that Plaintiffs have adequately alleged injury for purposes of promissory estoppel.

      Defendant also argues that the promissory estoppel claim is barred by the statute of frauds (Mot. at 9), but the Court disagrees and declines to dismiss the claim on these grounds. In *Peterson v. Bank of America, N.A.,* 2010 WL 1881070, *6 (S.D. Cal. May 10, 2010), the district court relied on California Civil Code Section 1698(d) and *Garcia v. World Sav. FSB*, 183 Cal. App. 4th 1031 (Cal. App. 2010) to deny a motion to dismiss a promissory estoppel claim on statute of frauds grounds. For similar reasons, the Court declines to apply the statute of frauds to dismiss the promissory estoppel claim.

      California Civil Code Section 1698(d) states that "nothing in this section [concerning modification of written contracts] precludes in an appropriate case the application of rules of law concerning estoppel . . . ." In *Garcia*, the court noted that "[i]t is well settled that the rule against varying the terms of a written instrument by parol or seeking to alter a contract in writing other than by a contract in writing or an executed oral agreement, is subject to the exception that a party to a contract may by conduct or representations waive the performance of a condition thereof or be held estopped by such conduct or representations to deny that he has waived such performance." *Garcia*, 183 Cal. App. 4th at 1040 n.10. Moreover, at least one California Court of Appeal has noted that: "[t]he doctrine of estoppel to assert the statute of frauds applies where unconscionable injury would result from denying enforcement of the oral contract after one party has been induced by the other seriously to change his position in reliance on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-542-JLS (RNBx)            Date: October 28, 2013

Title: Luis Caceres et al. v. Bank of America, N.A.

contract . . . ." *See Peterson*, 2010 WL 1881070, at *5 (quoting *Isaac v. A&B Loan Co.*, 201 Cal. App. 3d 307, 313 (1988)). The Ninth Circuit has also relied on this same language. *In Re Diego's Inc.*, 88 F.3d 775, 778 (9th Cir. 1996).

      The Court finds these authorities persuasive and applicable to the present case. The Court therefore declines to dismiss the promissory estoppel claim on statute of frauds grounds. *Accord Peterson*, 2010 WL 1881070, at *6; *Park v. U.S. Bank Nat. Ass'n*, No. 10-cv-1546-WQH-WMc, 2011 WL 4102211, at *11 (S.D. Cal. Sept. 13, 2011) ("To the extent Plaintiffs allege a promissory estoppel claim, the Court finds that it is inappropriate to dismiss the claim at this stage on the basis of the statute of frauds." – dismissing claim on other grounds) (citing *Garcia*, 183 Cal. App. 4th at 1041 n.10). [7]

### E. Fraud and Negligent Misrepresentation

      "The elements of fraud are (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages. *West v. JPMorgan Chase Bank, NA*, 214 Cal. App. 4th 780, 792 (2013). "The elements of negligent misrepresentation are the same except for the second element, which for negligent misrepresentation is the defendant made the representation without reasonable ground for believing it to be true." *Id*.

      "It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species of actual fraud.") (citation omitted). Pursuant to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with

---

[7] The California Supreme Court has also suggested that promissory estoppel claims would not be barred by the statute of limitations. *See C&K Eng. Contractors v. Amber Steele & Co.*, 23 Cal. 3d 1, 6, 8-9 (1978) (noting that equitable estoppel actions are not barred by the statue of frauds, and separately noting that equitable estoppel is "analogous" to promissory estoppel).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-542-JLS (RNBx)            Date: October 28, 2013
Title: Luis Caceres et al. v. Bank of America, N.A.

particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Under Rule 9(b), '[a]verments of fraud must be accompanied by 'the who, what, when, where and how" of the misconduct charged.'" *Maynard v. Wells Fargo Bank, NA*, 12CV1435 AJB JMA, 2012 WL 4898021 at *5 (S.D. Cal. Oct. 15, 2012) (quoting *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). "'[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.'" *Id.* (quoting *Vess*, 317 F.3d at 1106). "'While statements of the time, place and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud' are not." *Id.* (quoting *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989)).

       The Court finds that Plaintiffs' allegations, as outlined in the Background section of this Order, *supra*, satisfy the requirements of Rule 9(b). *See Ebeid ex rel U.S. v. Nungwitz*, 616 F.3d 993, 999 (9th Cir. 2010) ("[Plaintiff] must provide enough detail 'to give [Defendant] notice of the particular misconduct which is alleged to constitute the fraud charged so that [it] can defend against the change and not just deny that [it has] done anything wrong."); *Moore*, 885 F.2d at 540 ("A pleading is sufficient under rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.").

       Here, Plaintiffs sufficiently allege the false or misleading statements of Defendant's agents regarding the loan modification. Therefore, the Court denies the Motion as to the fraud and negligent misrepresentation claims.

       **F.**      **Privacy Claim – False Light**

       Plaintiffs allege that Defendant invaded Plaintiffs' privacy and placed them in a false light when it reported Plaintiffs as late to various credit reporting agencies. (Compl. ¶¶ 91, 93.) The Court dismisses the claim for the reasons discussed below.

       "Under California law, to state a claim for the tort of false light invasion of privacy plaintiff must plead that (1) the defendant caused to be generated publicity of the plaintiff that was false or misleading, and (2) the publicity was offensive to a reasonable person." *Pacini v. Nationstar Mortg., LLC*, C 12-04606 SI, 2013 WL 2924441, at *9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-542-JLS (RNBx)                      Date: October 28, 2013
Title: Luis Caceres et al. v. Bank of America, N.A.

(N.D. Cal. June 13, 2013) (citing *Fellows v. Nat'l Enquirer, Inc.*, 42 Cal. 3d 234, 238-39 (1986)). "Even if they place the person in a less than flattering light, the published facts are not actionable if they are true or accurate." *Id*. (citing *Fellows*, 42 Cal. 3d at 238).

     At the outset, the Court notes that there is disagreement among district courts as to whether such a claim is preempted. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009) (noting, without deciding, that "[a]lthough § 1681t(b)(1)(F) appears to preempt all state law claims based on a creditor's responsibilities under § 1681s–2, § 1681h(e) suggests that defamation claims can proceed against creditors as long as the plaintiff alleges falsity and malice"; "[a]ttempting to reconcile the two sections has left district courts in disarray"); *compare Jones v. Wells Fargo Bank, N.A.*, 13-CV-00903 NC, 2013 WL 2355447 at *5 (N.D Cal. May 29, 2013) ("the FCRA may preempt state law claims of defamation and publication in a false light") *with Pacini*, 2013 WL 2924441, at *9 (finding in the alternative that false light claim was preempted).

     Assuming, without deciding, that the claim is not preempted, the claim fails as Plaintiffs do not allege a false statement. Plaintiffs allege Defendant's report that they were late was false, "as Plaintiffs were not late or in default when Defendant made the negative reports and initiated foreclosure proceedings against Plaintiffs' Property since Plaintiffs were instructed to withhold their regular mortgage payments." (Compl. ¶ 93.) However, merely because Plaintiffs can provide a reason for being late does not cause the reported fact to be untrue. *See, e.g.*, *Pacini*, 2013 WL 2924441, at *9. Accordingly, Plaintiffs' false light claim is dismissed with prejudice.

     **G.**    **Section 17200 Claim**

     Plaintiffs' Section 17200 claim is derivative of Plaintiffs' other claims. (*See* Compl. ¶ 97-100.) Defendant argues that Plaintiffs lack standing to bring the claim and that Plaintiffs failed to tender. Defendant also argues that the claim fails to the extent it is derivative of other claims that fail. (*See* Mot. at 14.) The Court disagrees and declines to dismiss the claim.

     As to standing, Plaintiffs have alleged that finance charges were improperly imposed, which would constitute an injury in fact and a loss of money. *See Sullivan v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 13-542-JLS (RNBx) | Date: October 28, 2013 |
| Title: Luis Caceres et al. v. Bank of America, N.A. | |

*Washington Mut. Bank, FA*, C–09–2161 EMC, 2009 WL 3458300, at *4 (N.D. Cal. Oct. 23, 2009).

 Defendant also argues that because Plaintiffs do not allege that their property has been sold, they have not suffered an injury in fact. (Mot. at 14.) The only case Defendant cites supporting this proposition is *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1199 (E.D. Cal. 2010). Although Plaintiffs fail to address this case, at least one court has explicitly declined to follow *Jensen*. *See Frazier v. Aegis Wholesale Corp.*, C-11-4850 EMC, 2011 WL 6303391, at *11(N.D. Cal. Dec. 16, 2011). This Court also declines to follow *Jensen*, as it finds that the initiation of foreclosure proceedings has put Plaintiffs' interest in the Property in jeopardy, creating a controversy over which this Court has standing. *Accord Rosenfeld v. JPMorgan Chase Bank, NA*, 732 F. Supp. 2d 952, 973 (N.D. Cal. 2010); *Tamburri v. Suntrust Mortg, Inc.*, C-11-2899 EMC, 2011 WL 6294472, at *18-19 (N.D. Cal. Dec. 15, 2011); *Rabb v. BNC Mortgage, Inc.*, CV 09–4790 AHM (RZx), 2009 WL 3045812, at *2 (C.D. Cal. Sept. 21, 2009).

 For the reasons stated previously in this Order, Defendant's arguments as to tender and the derivative nature of the Section 17200 claim fail as well.

 Accordingly, the Court denies the Motion with respect to this claim.

### IV. Conclusion

 Defendant's Motion is GRANTED with respect to the wrongful foreclosure claim, the implied covenant of good faith and fair dealing claim, and the privacy claim for false light. The implied covenant claim is DISMISSED WITHOUT PREJUDICE. Plaintiffs' claim for false light invasion of privacy and wrongful disclosure are DISMISSED WITH PREJUDICE. Defendant's Motion is DENIED with respect to the remaining claims.

 Any amended complaint attempting to remedy the defects in the implied covenant claim must be filed within **21 days** of this Order.

                         Initials of Preparer: tg